**FEDERATED CAPITAL CORP.,**
**Plaintiff,**

v.

**FLORIDA CAPITAL CORP., Defendant.**

**No. 63 Civ. 200.**

United States District Court
S. D. New York.

Feb. 16, 1968.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for plaintiff; Morton S. Robson, New York City, of counsel.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant; Marvin F. Hartung, New York City, of counsel.

## MEMORANDUM RE: CHOICE OF LAWS.

LEVET, District Judge.

This action was brought for alleged violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j, and of Rule 10B–5, 17 CFR § 240.10b–5, issued thereunder. The complaint also states a claim under state substantive law, the jurisdiction of which depends upon both diversity of citizenship, 28 U.S.C. § 1332, and the doctrine of pendant jurisdiction. This count, since it was apparently drawn in light of New York law, asserts a claim for relief for negligent misrepresentation. The plaintiff alleges that it suffered the loss of an investment which it made in reliance upon defendant's alleged misrepresentations. The parties here had contacts with both Florida and New York during the transaction in which the alleged misrepresentations were made.

While it may be that the ultimate effect of following either Florida or New York law in this situation would be the same (see Prosser, Torts, 2d ed. 1955, pp. 542–543), the two states insist on different forms of action. In Florida, an action in deceit is the sole remedy for misrepresentation. Watson v. Jones, 41

**302**

Fla. 241, 25 So. 678 (1899); Kutner v. Kalish, 173 So.2d 763 (Fla.Dist.Ct.App. 1965). New York permits a claim to sound either in deceit (the requirements of which are more stringent than those of Florida) or in negligence, but the New York Court of Appeals has made clear that the two actions are distinct and that their differences must be respected. Ultramares Corp. v. Touche, Niven & Co., 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139 (1931) (Cardozo, Ch. J.). The laws of Florida and New York are, therefore, in conflict on this issue.

■ This court must look to the choice of laws rules of New York to determine whether it should apply the substantive law of Florida or of New York. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Gore v. Northeast Airlines, Inc., 373 F.2d 717 (2nd Cir. 1967); Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538, 540 n. 1 (2nd Cir. 1956); see also Mintz v. Allen, 254 F.Supp. 1012 (S.D.N.Y.1966). Although no New York decision has been cited by the parties or found by the court on the question of which of two conflicting state laws should apply to a case of misrepresentation, the governing choice of law principle has been articulated by the New York Court of Appeals as follows:

"The 'center of gravity' or 'grouping of contacts' doctrine adopted by this court in conflicts cases involving contracts impresses us as likewise affording the appropriate approach for accommodating the competing interests in tort cases with multi-State contacts. Justice, fairness and 'the best practical result' (Swift & Co. v. Bankers Trust Co., 280 N.Y. 135, 141, 19 N.E.2d 992, 995, supra) may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. The merit of such a rule is that 'it gives to the place "having the most interest in the problem" paramount control over the

legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of the jurisdiction "most intimately concerned with the outcome of [the] particular litigation."' (Auten v. Auten, 308 N.Y. 155, 161, 124 N.E.2d 99, 50 A.L.R. 2d 246, supra.)

"Such, indeed, is the approach adopted in the most recent revision of the Conflict of Laws Restatement in the field of torts. According to the principles there set out, 'The local law of the state which has the most significant relationship with the occurrence and with the parties determines their rights and liabilities in tort' (Restatement, Second, Conflict of Laws, § 379 [1]; also Introductory Note to Topic 1 of Chapter 9, p. 3 [Tentative Draft No. 8, 1963]), and the relative importance of the relationships or contacts of the respective jurisdictions is to be evaluated in the light of 'the issues, the character of the tort and the relevant purposes of the tort rules involved' (§ 379[2], [3])."

Babcock v. Jackson, 12 N.Y.2d 473, 481–482, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279, 283, 95 A.L.R.2d 1 (1963). Cf. Restatement (Second), Conflict of Laws, §§ 379 and 379c (Tentative Draft No. 9, 1964). Applying this principle as laid down by the New York Court of Appeals, this court has concluded that the substantive law of New York should apply here.

The alleged misrepresentations were made and received both in Florida and New York. Insofar as the laws of each are regulatory rules aimed at preventing misrepresentation, both states would have equal interest in the matter. However, insofar as these laws are aimed at compensating persons who suffer injury because of reliance on misrepresentations, only New York is concerned with the resolution of this issue. Plaintiff is a New York corporation with its sole place of business in New York. Its assets are situated in or at least channeled through New York. The burden of any financial loss to plaintiff would, therefore, fall

most heavily in New York. Florida has no comparable interest. The fact that defendant is a Florida corporation is irrelevant to consideration of the consequences of its alleged misconduct. Thus, New York has "the greatest concern with the specific issue * * *" under consideration here. Babcock v. Jackson, supra. The jury has been charged accordingly.