■ ALVIN DWORMAN et al., Respondents, v GERALD LEE et al., Defendants, and ARTHUR ANDERSEN & Co., Appellant. — Order of the Supreme Court, New York County (Helman, J.), entered September 11, 1980, which denied defendant-appellant's motion to dismiss plaintiffs-respondents' supplemental complaint for failure to state a cause of action (CPLR 3211) and failure to plead the circumstances of the alleged fraud specifically (CPLR 3016, subd [b]), unanimously reversed, on the law, and the complaint dismissed, with costs. In this action by plaintiffs for damages, we are of the opinion that Special Term was in error in denying motion of defendant Arthur Andersen & Co. to dismiss the complaint. Although the plaintiffs alleged that they became sureties under an international construction contract executed in 1977 in reliance upon the consolidated financial statements prepared by defendants for the years 1973-1976, none of the causes of action contained in the supplemental complaint submitted to Special Term take this appeal outside of the rule enunciated in *Ultramares v Touche* (255 NY 170), which held that accountants may be liable in negligence only to persons with whom they are in privity. Plaintiffs allege five causes of action. All are insufficient. The third, fourth and fifth causes of action charge defendants with negligence, and the first and second with fraud. Notwithstanding the nomenclature of the first and second causes sounding in fraud and the language in the third cause of action that defendants "knew or should have known the falsity of their representations", we find that the first, second and third causes essentially plead negligence. These causes are not transformed into causes of action in fraud merely by pleading conclusory allegations of fraud. Contrary to the view expressed by Special Term, there can be no doubt that the rule in *Ultramares* remains authoritative, as it was in fact reaffirmed in *White v Guarente* (43 NY2d 356). There, the Court of Appeals simply allowed limited partners of the limited partnership which had contracted with defendant accountant to sue for alleged negligence by the accountant. The court (pp 361, 363) stressed that the limited partners were not members of an indeterminate class dealing with the limited partnership in reliance on the audit, but were members of "a settled and particularized class among the members of which the [accountants'] report would be circulated for the specific purpose of fulfilling the limited partnership agreed upon arrangement". By contrast, plaintiffs in their own complaint concede they are merely members of the public relying on the financial statements certified by Andersen. It is also to be noted that Federal securities law has no impact on plaintiffs' situation as their transactions with the concern whose obligations they guaranteed involved no issuance or sale of securities. Further, accountants' liability for negligence to third-party members of the public under Federal securities law is extremely doubtful (see *Ernst & Ernst v Hochfelder*, 425 US 185). Concur — Murphy, P. J., Birns, Ross and Markewich, JJ.