■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG YUDIS, Appellant. — Judgment, Supreme Court, New York County (John Leonforte, J.), rendered on November 9, 1983, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.

■ T. D. FENDER v T. GENE PRESCOTT et al. — Motion granted only insofar as to grant leave to appeal to the Court of Appeals from an order of this court (101 AD2d 418) entered on June 6, 1984 (appeal No. 19445), on condition that such appeal be perfected with the appeal taken as of right from the order of this court also entered on June 6, 1984 (appeal No. 19446), and this court certifies the following question as to appeal No. 19445: "Was the order of this court, which reversed the order of the Supreme Court, properly made?" Concur — Kupferman, J. P., Sandler, Fein, Milonas and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v PASHKO LJULJGJURAJ. — Motion for summary reversal granted, the judgment reversed, and the matter remanded to Supreme Court, Bronx County, for a new trial. Concur — Kupferman, J. P., Sandler and Kassal, JJ.

Asch and Alexander, JJ., dissent in part in a memorandum by Alexander, J., as follows: In my view, it is inappropriate to reverse the conviction and remand this case for a new trial because the trial minutes have been lost, without first having a reconstruction hearing. Defendant was convicted after a seven- or eight-day trial in July, 1981 of criminal possession of a weapon, third degree, and reckless endangerment, first degree, and sentenced to concurrent terms of imprisonment of 1½ years to 4½ years and is currently on parole. His appeal has not been perfected and it appears that the trial minutes are "hopelessly lost". Defendant seeks summary reversal and dismissal of the indictment since without the minutes the appeal cannot be perfected. The People agree to the reversal but would have a retrial instead of a dismissal. Both sides agree that a reconstruction hearing would pose difficulties because of the lapse of time. No adequate showing is made however that a reconstruction hearing would be unavailing. Indeed the Trial Judge is still available and may well have notes that would adequately facilitate the reconstruction. Should reconstruction prove to be impossible, in fact, resort can then be had to a retrial.