**In re AM INTERNATIONAL, INC. SECURITIES LITIGATION.**

**E.D. DUBOWSKI, et al., Plaintiffs,**

**v.**

**Roy L. ASH, et al., Defendants.**

**MADISON FUND, INC., Plaintiff,**

**v.**

**NEW COURT SECURITIES CORPORATION, et al., Defendants.**

**Price WATERHOUSE, Third-Party Plaintiff,**

**v.**

**Richard B. BLACK, Third-Party Defendant.**

**Richard B. BLACK, Plaintiff,**

**v.**

**Roy L. ASH, et al., Defendants.**

Nos. MDL 494(JES), 81 Civ. 7024(JES), 82 Civ. 2168(JES) and 82 Civ. 2532(JES).

United States District Court, S.D. New York.

April 16, 1985.

Pomerantz, Levy, Haudek, Block & Grossman, New York City, for plaintiff Herman Kahan; Stanley M. Grossman, Bruce G. Stumpf, New York City, of counsel.

Milberg, Weiss, Bershad & Specthrie, New York City, for plaintiff Marcus Weisman; Jared Specthrie, New York City, of counsel.

Greenfield & Chimicles, P.C., Bala Cynwyd, Pa., for plaintiff E.D. Dubowski.

Berger & Montague, P.C., and Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiffs Robert Blakeney as Custodian for Lori Blakeney, David Francis, Marie Mitchell, James Pettit and George Wike; Stanley R. Wolfe, Philadelphia, Pa., of counsel.

Bader & Bader, White Plains, N.Y., for plaintiffs Robert G. Morris and Mari Kay Morris, as Trustees for Robert G. Morris D.D.S. Inc. Pension Plan and Trust.

Harvey Greenfield and Kaufman, Malchman & Kirby, P.C., New York City, for plaintiff Herbert Silverberg.

Wolf, Popper, Ross, Wolf & Jones, and Abbey & Ellis, New York City, for plaintiff Robert Hyman; Arthur N. Abbey, New York City, of counsel.

Kass, Goodkind, Wechsler & Labaton, New York City, for plaintiffs William A. Kass and Daniel Kass as Trustees F/B/O Sarah Kass.

Bizar & D'Alessandro, New York City, for plaintiff Frederick Rand.

Abraham J. Brill, New York City, for plaintiff Meta Morrison.

Bar & Bello, New York City, for plaintiffs Robert Pollock and Carol Pollock.

Wachtell, Lipton, Rosen & Katz, New York City, for plaintiff Madison Fund, Inc.; Herbert M. Wachtell, Douglas S. Liebhafsky, Peter C. Hein, Marc Wolinsky, New York City, of counsel.

Chapman & Cutler, Chicago, Ill., for plaintiff/defendant Richard B. Black; Harry P. Lamberson, Frederick V. Lochbihler, Chicago, Ill., of counsel.

Finley, Kumble, Wagner, Heine, Underberg & Casey, Beverly Hills, Cal., and Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for defendant Robert H. Lander; Michael D. Dempsey, Stuart K. Lesansky, J. Lawrence Blades, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendants John P. Birkelund, Richard Paget, Arthur F. Kelly and Hugh Knowlton, Jr.; Thomas F. Curnin, Thomas R. Jones, Joel E. Davidson, Kevin J. Burke, Michael Evan Avidon, New York City, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Roy L. Ash; David Klingsberg, Milton Sherman, Michael Braff, New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant Paul E. Gray; Leon Silverman, Gregory P. Joseph, Carol Miller, Lisa Klein, New York City, of counsel.

Freedman, Levy, Kroll & Simonds, Washington, D.C., and Bernstein, Litowitz, Berger & Grossmann, New York City, for defendant James R. Mellor; Michael I. Smith, Marc Dorfman, Washington, D.C., and Max W. Berger, New York City, of counsel.

Paul, Hastings, Jonofsky & Walker, Los Angeles, Cal., and Burns, Summit, Rovins & Feldesman, New York City, for defendant James R. Combes; William B. Campbell, Todd E. Gordinier, Los Angeles, Cal., Stuart A. Summit, Bernice K. Leber, William A. Alper, New York City, of counsel.

Hughes, Hubbard & Reed, New York City, for defendant New Court Securities Corp.; John S. Allee, Frederika V. Miller, Michael E. Salzman, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant/third party plaintiff Price Waterhouse; Louis C. Lustenberger, Jr., David R. Jewell, Robin Kaufman, Eldon Olson, Gen. Counsel, Allen I. Young, Associate Gen. Counsel, New York City, of counsel.

Olwine, Connolly, Chase, O'Donnell & Weyher, New York City, for defendants Price Waterhouse Foreign Firms; James E. Tolan, Christopher Brady, Erica B. Baird, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

This case involves a series of actions brought by purchasers of stock in AM International, Inc. ("AMI"), which actions were consolidated for discovery in this district pursuant to 28 U.S.C. § 1407. Defendants named in five complaints filed motions to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), and for failure to plead fraud with the requisite particularity pursuant to Fed.R.Civ.P. 9(b).

The Court heard oral argument on the motions on July 18 and 19, 1983. At that time the Court orally granted defendant Richard B. Black's motion to dismiss Price Waterhouse's third-party complaint against Black in *Madison Fund, Inc. v. New Court Securities Corp.*, 81 Civ. 7024, for failure to comply with Rule 9(b), without prejudice to the filing of an amended complaint. *See* Transcript of Argument ("Tr.") at 222 (July 18, 1983). Decision on all other motions was stayed at the request of the parties pending possible settlement. In July of 1984 the parties informed the Court that they no longer wished the Court to defer a decision on the motions.

On October 9, 1984 the Court ruled on the motions in open court. The Court granted defendants' motions to dismiss the complaint in *Roncarati v. Ash*, 82 Civ.

2494, *see Opinion and Order* MDL No. 409 (JES), 597 F.Supp. 1117 (1984). The Court also granted defendants' motions to dismiss the first amended complaint in *Black v. Ash*, 82 Civ. 1023, for failure to plead fraud with particularity, with leave to file a second amended complaint. The Court denied in part and granted in part the motions addressed to the second amended consolidated complaint in *Dubowski v. Ash*, 82 Civ. 1732 ("*Dubowski* complaint"), and the second amended complaint in the *Madison Fund* action ("*Madison Fund* complaint"). This Opinion and Order will address the motions in those latter two actions.

## I. *Background*

The moving defendants in both actions are (1) officers and directors of AMI, some of whom were members of AMI's Audit Committee, (2) Price Waterhouse, AMI's independent auditor, and (3) various foreign Price Waterhouse firms ("the foreign Price Waterhouse defendants.")[1]

The *Dubowski* action covers a proposed class of plaintiffs[2] who purchased AMI stock from September 17, 1979, when AMI disclosed to the public its fiscal 1979 year-end financials, until September 23, 1981, when AMI disclosed its expected losses for fiscal 1981. Plaintiffs sue pursuant to sections 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t, and Rule 10b–5, 17 C.F.R. § 240.10b–5, alleging misrepresentations and omissions in AMI's fiscal 1979 and 1980 Annual Reports and Form 10–Ks, as to which Price Waterhouse gave its opinion, and in interim financial statements and Form 10–Qs for the first quarter of fiscal 1979 through the third quarter of fiscal 1981. *See Dubowski* Complaint ¶ 48.

The *Madison Fund* action is brought by Madison Fund, Inc., a Delaware closed-end mutual fund. *See Madison Fund* Complaint ¶ 1. Madison Fund purchased 1,475,000 AMI shares directly from AMI by a purchase agreement dated February 20, 1981, and consummated March 5, 1981, *id.* at ¶¶ 25–27, and purchased 161,000 shares on the open market between March 9, 1981 and April 6, 1981. *Id.* at ¶ 28. Madison Fund alleges material misrepresentations and omissions in AMI's fiscal 1980 year-end financial statements, and in interim financial statements for the first and second quarters of fiscal 1981. *Id.* at ¶ 35. Madison Fund sues pursuant to sections 12(2), 15, and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77*l*(2), 77*o*, and 77q(a); sections 10(b), 18, and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78r, and 78t, Rule 10b–5, 17 C.F.R. § 240.10b–5, and pursuant to state and common law.

## II. *The Fraud Claims*

■ Most of defendants' motions in the *Dubowski* and *Madison Fund* actions are addressed to plaintiffs' allegations of fraud. Fed.R.Civ.P. 9(b) requires that the

---

**1.** The moving defendants in the *Dubowski* action are Roy L. Ash, who until April 1981 was AMI's Chairman of the Board, Chief Executive Officer, and a director and member of the Executive Committee; James R. Mellor, AMI's president, and also a director and member of the Executive Committee; Robert H. Lander, Vice President and Controller of AMI beginning on December 1, 1979; James H. Combes, Senior Vice President of AMI; Paul E. Gray, Arthur F. Kelly, Richard Paget, and John P. Birkelund, all directors of AMI and members of the Audit Committee; and the Price Waterhouse defendants.

Moving defendants in the *Madison Fund* action are Ash, Lander, Birkelund, the Price Waterhouse defendants, and New Court Securities, AMI's investment banker.

Defendant New Court Securities argues that the *Madison Fund* complaint fails to state any claim against New Court itself, rather than against defendant Birkelund. The complaint alleges that Birkelund was, at all relevant times, a director of AMI and a member of the Audit Committee, and until July 1981 was also Chairman, Chief Executive Officer, and a director of New Court. *See Madison Fund* Complaint ¶ 4. The complaint also alleges that Birkelund engaged in negotiations with Madison Fund in his capacity as CEO/Chairman/director of New Court as well as director of AMI. *See id.* at ¶ 23. To the extent that Birkelund was acting on behalf of New Court, and Birkelund's knowledge was gained in his capacity as an officer and director of New Court, as opposed to as a director and member of the Audit Committee of AMI, the complaint states a claim against New Court.

**2.** Plaintiffs' motion for class certification will be dealt with in a separate Opinion and Order.

circumstances of fraud be stated with particularity. Conclusory allegations of fraud are insufficient. *See, e.g., Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 114 (2d Cir.1982); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972); *Crystal v. Foy,* 562 F.Supp. 422, 424 (S.D.N.Y.1983). Thus, plaintiffs must plead acts from which an intent to deceive, manipulate, or defraud may reasonably be inferred with respect to each defendant. *See, e.g., Decker, supra,* 681 F.2d at 115; *Crystal, supra,* 562 F.Supp. at 424–25.

### A. *Dubowski v. Ash*

#### 1. *Management defendants—Ash, Mellor, Lander, and Combes*

■ It is clear that the fraud allegations regarding the 1980 financials and the 1981 interim reports are sufficient with respect to the AMI management defendants. Despite defendants' claims to the contrary, the *Dubowski*·complaint clearly sets forth sufficient specific facts as to how and in what amount these financials were allegedly false or misleading, and the basis for those allegations, as well as facts regarding the knowledge and intent of these insider defendants which if accepted as true, permit a reasonable inference of fraud. No more is required by Rule 9(b). As the Second Circuit has recently recognized, inferences of fraud may be made as to inside directors based on their insider status, which would not be permissible absent that insider status. *See Goldman v. Belden,* 754 F.2d 1059, 1070–71 (2d Cir.1985).

The allegations with respect to the 1979 financials are somewhat less specific, and the defendants' argument that these allegations, standing alone, do not meet the particularity requirement of Rule 9(b) is more persuasive. However, taking these factual allegations in connection with all of the other facts pleaded, and affording the plaintiffs the benefit of all reasonable inferences that may be drawn from those allegations the Court cannot say as a matter of law that they are insufficient. *See,*

*e.g., Dubowski* Complaint ¶ 97–98, 102–103. Therefore, while the motions to dismiss the allegations of the complaint for the 1979 fiscal year present a much closer question, these motions to dismiss are denied.

#### 2. *Audit Committee defendants—Gray, Birkelund, Kelly, and Paget*

■ The Audit Committee defendants, while not officers of AMI, allegedly had access to a substantial fund of information regarding the company and its financial condition, knew about many of the problems the company was having, and were responsible, *inter alia,* for reviewing the Price Waterhouse audits. *E.g., Dubowski* Complaint ¶ 64–69. The facts as to these directors are therefore clearly distinguishable from those in *Lanza v. Drexel & Co.,* 479 F.2d 1277 (2d Cir.1973), relied on by defendants, where *after trial,* an outside director was found not liable under section 10(b). *See id.* at 1289. In that case, the district court found the director "was not aware or even suspicious that plaintiffs were being deceived.... [H]e had no knowledge or belief that any hard figures published by [the company] were false or misleading." *Id.* at 1288, *citing,* [1970–71 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,826, at 90,105 (S.D.N.Y. October 9, 1970).

Assuming the allegations of the complaint to be true, as the Court must do on a motion to dismiss, this is clearly not the case here. On the facts pleaded, these defendants are much closer to the position occupied by an inside director, than they are to a typical outside director. Given that insider status, the Court finds the allegations of the complaint as to them to be legally sufficient for the reasons set forth above with respect to the management defendants. *Cf. SEC v. Cayman Islands Reinsurance Corp.,* [1982 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 98,717, at 93,592–93 (S.D.N.Y. June 17, 1982).[3]

---

**3.** Defendant Gray also moved pursuant to Fed. R.Civ.P. 11. In light of the Court's denial of the 9(b) and 12(b)(6) motions, Gray's Rule 11 motion is denied.

### 3. *Price Waterhouse*

Price Waterhouse was AMI's independent auditor, and issued its opinion as to both the 1979 and 1980 year-end reports. Plaintiffs therefore sue Price Waterhouse as a principal in connection with these reports. Since Price Waterhouse did not give any opinion with respect to the 1981 interim financials, plaintiffs sue Price Waterhouse as an aider and abettor with respect to those interim reports.

■ With respect to the 1980 report, the Court finds the complaint sufficient to state a claim against Price Waterhouse.[4] The *Dubowski* complaint alleges with respect to 1980 that Price Waterhouse was aware of specific accounting and internal control problems at AMI, discussed those problems with management and the Audit Committee, and knew that the problems were not corrected. Plaintiffs also allege a pattern of compromise by Price Waterhouse on particular, necessary adjustments to the 1980 financials. *E.g., Dubowski* Complaint ¶¶ 99–101. There is, therefore, an adequate, specific factual basis from which fraud may arguably be inferred.

The Court is mindful of the fact that an independent auditor's duty does not rise to the level of corporate insiders, and that one of the purposes of Rule 9(b) is to protect the reputation of professionals such as accountants from groundless allegations of fraud, *see, e.g., Felton v. Walston and Co.,* 508 F.2d 577, 581 (2d Cir.1974); *Billard v. Rockwell International Corp.,* 683 F.2d 51, 57 (2d Cir.1982). Nevertheless, the allegations regarding 1980 are sufficient.

■ However, a careful review of the claims against Price Waterhouse for the 1979 fiscal year demonstrates that those allegations fail to meet the requirements of Rule 9(b). For example, while plaintiffs allege specific compromises in required adjustments to the 1980 financials as noted above, no specific instance is pleaded regarding 1979. And as the Court noted in

*Decker, supra,* it is not enough to merely allege "violation of generalized accounting principles requiring adequacy and fairness of disclosure, a conservative approach, [and] complete financial information...." 681 F.2d at 120. *See also Weinberger v. Kendrick,* 451 F.Supp. 79, 83–84 (S.D.N.Y. 1978); *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 518, 523 (S.D.N.Y. 1977); *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1088–89 (S.D.N.Y.1977), *aff'd mem.,* 636 F.2d 1201 (2d Cir. 1980). Yet with respect to 1979, there are no facts which would even arguably permit an inference of fraud. Indeed as has been noted, these allegations are at best marginally sufficient even with respect to the corporate insiders for that year. It follows that given the difference in status of an independent auditor, the Court finds that these allegations cannot be a sufficient predicate for imposing liability on Price Waterhouse for that year.

■ Plaintiffs also allege that Price Waterhouse aided and abetted fraud with respect to the uncertified 1981 interim financial reports. However, Price Waterhouse cannot be held liable for misrepresentations or omissions in reports as to which they did not issue an opinion, *see, e.g., Gold v. DCL, Inc.,* 399 F.Supp. 1123, 1127 (S.D.N.Y.1973), unless there is a conscious or reckless violation of an independent duty to act, *see, e.g., Armstrong v. McAlpin,* 699 F.2d 79, 91 (2d Cir.1983); *IIT, An International Investment Trust v. Cornfeld,* 619 F.2d 909, 927 (2d Cir.1980); *Fischer v. Kletz,* 266 F.Supp. 180, 195–96 (S.D.N.Y.1967), or Price Waterhouse had a "conscious and specific motivation for not acting" and therefore "intended by its silence to forward completion of the fraudulent transactions in the expectation of benefiting from the success of the fraud." *IIT, supra,* 619 F.2d at 927; *see also Armstrong, supra,* 699 F.2d at 91; *Brennan v. Midwestern United Life Insurance Co.,* 417 F.2d 147, 152–55 (7th Cir.1969), *cert.*

---

4. Indeed, in its motion papers Price Waterhouse focuses on the inadequacy of the 1979 and 1981 allegations, and indicates in its Reply Memoran- dum that it does not move to dismiss the 1980 allegations.

*denied,* 397 U.S. 989, 90 S.Ct. 1122, 25 L.Ed.2d 397 (1970). *Cf. Edwards & Hanly v. Wells Fargo Securities Clearance Corp.,* 602 F.2d 478, 484–85 (2d Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980). There is no allegation which even remotely supports any such inference in this case. Certainly the fact that Price Waterhouse may have seen or reviewed some of the 1981 interims and that a "main objective" of Price Waterhouse was to retain AMI as a client, is not sufficient to justify that inference. *See, e.g., Dubowski* Complaint ¶ 77–79. It follows that insofar as the complaint alleges aiding and abetting against Price Waterhouse in connection with the 1981 interim financial statements, these claims must be dismissed.

While the claims against Price Waterhouse based on the 1981 interims cannot stand, it is clear that Price Waterhouse did have a duty to take reasonable action to disclose errors in or correct financial statements for which it previously gave its opinion if facts came to Price Waterhouse's attention demonstrating that those certified statements contained misstatements. *E.g., IIT, supra,* 619 F.2d at 927; *Gold, supra,* 399 F.Supp. at 1127; *Fischer, supra,* 266 F.Supp. at 188. Therefore, since plaintiffs may well have a claim against Price Waterhouse for an alleged violation of this duty, leave is granted to replead.

### 4. *Foreign Price Waterhouse defendants*

Plaintiffs have sued various foreign affiliates of Price Waterhouse on the theory that all the Price Waterhouse firms world-wide are in fact one entity, and acted as agents of one another. *See, e.g., Du-*bowski Complaint ¶¶ 23, 26–27; Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss the Second Amended Consolidated Complaint at 11 n. *. The Court rejects this argument. The complaint alleges that the foreign firms acted as a source of information for the Price Waterhouse United States firm on certain foreign AMI operations. The essence of the alleged fraud, however, is that the United States firm, acting together with corporate insiders, distorted this information in the consolidated year-end reports issued by the United States firm. There are no facts alleged in the complaint which remotely suggest that the foreign firms ever participated in the decision as to how this information should be reported, and certainly none which would support an inference that they had knowledge of any such distortions and the requisite intent to assist the alleged fraud which aiding and abetting requires.

It follows that the claims of fraud against the foreign firms must be dismissed.[5]

### B. *Madison Fund v. New Court Securities*

1. *Claims pursuant to sections 10(b), 18, and 20 of the 1934 Act, sections 15 and 17(a) of the 1933 Act, state and common law.*

With respect to the section 10(b) and other fraud claims[6] against the management, Audit Committee, and Price Waterhouse defendants, the Court finds that although the *Madison Fund* complaint lacks the specificity of the *Dubowski* complaint, it is nevertheless sufficient. Therefore, the Court sustains all allegations under sections 10(b), 18, and 20 of the 1934 Act,

---

5. Because the Court has dismissed all allegations against the foreign Price Waterhouse defendants for failure to plead fraud with particularity, it is not necessary to address their motions to dismiss for lack of in personam jurisdiction.

6. The Court finds that plaintiff's allegations pursuant to sections 12(2) and 17(a) of the 1933 Act, section 18 of the 1934 Act, California and New York statutes, and common law fraud, do satisfy the requirements of Rule 9(b) to the same extent as do the section 10(b) allegations, with the exception of the section 12(2) claims against defendant Lander. *See* Section II(B)(2), *infra.*

Because the Court decides· that these claims do satisfy the particularity requirement, it is unnecessary to address the parties' argument about whether these are all in fact fraud allegations subject to the pleading requirements of Rule 9(b).

sections 15 and 17(a) of the 1933 Act, state law, and common law fraud, with the exception of the allegations against Price Waterhouse with respect to the 1981 interim financials [7] and the claims against the foreign Price Waterhouse defendants, which are dismissed for the reasons stated in Sections II(A)(3) & (4), *supra*.[8]

## 2. *Section 12(2) claims*

Madison Fund also alleges that defendants New Court Securities, Birkelund, Ash, Mellor, and Lander are liable pursuant to section 12(2) of the 1933 Act, which proscribes any offer or sale by means of an oral statement or prospectus containing an untrue statement of material fact or omitting to state a material fact.

■ In paragraph 36 of the *Madison Fund* complaint, plaintiff alleges that Birkelund, Ash, Mellor, and New Court, "among others," made specific false oral representations to Madison Fund to induce Madison Fund to purchase AMI securities. This is sufficient to state a claim under section 12(2) with respect to those defendants.

■ The complaint does not, however, allege that defendant Lander made any oral misrepresentation to plaintiff in connection with any offer or sale of AMI stock. The complaint also fails to allege that Lander supplied Madison Fund with a false or misleading prospectus. Finally, the complaint does not allege that Lander was a control person with respect to any section 12(2) violation. Nor does any allegation sufficiently state an aiding and abetting claim against Lander with respect to Section 12(2).[9]

Therefore, the section 12(2) claim against Lander is dismissed, but plaintiff is granted leave to amend within twenty (20) days of the date of this Opinion and Order.

## III. *Non-Fraud Claims*

All other motions by defendants to dismiss claims in the *Madison Fund* action are denied, with the exception of the motion by Price Waterhouse pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the negligence claim against it.

Plaintiff alleges that Price Waterhouse was negligent in its audit of the 1980 year-end financials and review of the second quarter 1981 interim financials. Plaintiff contends that it was "reasonably forseeable ... that investors such as Madison Fund would rely on the year-end 1980 financial statements and defendant Price Waterhouse's report thereon," and that investors such as Madison Fund would also find it material that Price Waterhouse could not "give AMI comfort" regarding the 1981 interims. *See Madison Fund* Complaint ¶¶ 127–29.

Plaintiff argues that California law governs the negligence claims, and allows plaintiff to sue Price Waterhouse despite the absence of privity. Defendant contends that New York law applies, and bars a negligence claim by Madison Fund.

In order to determine what law will govern the negligence claim, this Court must apply the choice of law rules of New York. *See, e.g., Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The parties contend that the courts of New York would apply the law of the jurisdic-

---

**7.** At oral argument counsel for Madison Fund indicated that he did not read the complaint as making a claim against Price Waterhouse based on the 1981 interim financials. *See* Tr. at 73, 75–76. The complaint itself is not so clear. The Court rules that all claims, if any, against Price Waterhouse contained in the *Madison Fund* complaint which allege aiding and abetting fraud in connection with the 1981 interims are dismissed. As noted above, *see* Section I, *supra,* Madison Fund does not sue with respect to the 1979 year-end financials.

**8.** While the Court in part upholds the *Madison Fund* complaint, it would strongly suggest that that complaint be amended to include the more specific allegations of the *Dubowski* complaint.

**9.** Madison Fund does not contend that the second amended complaint alleges any oral misrepresentation by Lander, or that any prospectus was supplied by Lander. It is clear that the, financial statements allegedly supplied to Madison Fund, *see Madison Fund* Complaint ¶ 35, were not a prospectus.

tion which, "because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised...." *Babcock v. Jackson*, 12 N.Y.2d 473, 482, 191 N.E.2d 279, 293, 240 N.Y.S.2d 743, 749 (1963).

Cases after *Babcock* have focused on the state interests and policies involved, rather than on the place of most contacts or overall center of gravity. *See, e.g., Neumeier v. Kuehner*, 31 N.Y.2d 121, 127, 286 N.E.2d 454, 457, 335 N.Y.S.2d 64, 69 (1972); *Tooker v. Lopez*, 24 N.Y.2d 569, 576 & 579 n. 2, 249 N.E.2d 394, 398 & 400 n. 2, 301 N.Y. S.2d 519, 525 & 527 n. 2 (1969); *Miller v. Miller*, 22 N.Y.2d 12, 15–16, 237 N.E.2d 877, 879, 290 N.Y.S.2d 734, 737 (1968); *Matter of Chrichton*, 20 N.Y.2d 124, 133– 35 & n. 8, 228 N.E.2d 799, 805–06 & n. 8, 281 N.Y.S.2d 811, 819–20 & n. 8 (1967); *cf. O'Rourke v. Eastern Air Lines*, 730 F.2d 842, 847–48 (2d Cir.1984). In fact, the Court of Appeals has specifically rejected the method of determining choice of law issues by simply counting the various contacts with each jurisdiction. *See, e.g., Tooker, supra*, 24 N.Y.2d at 576, 249 N.E.2d at 398, 301 N.Y.S.2d at 524–25; *Miller, supra*, 22 N.Y.2d at 17, 237 N.E.2d at 880, 290 N.Y.S.2d at 738. And in *Cousins v. Instrument Flyers Inc.*, 44 N.Y.2d 698, 699, 376 N.E.2d 914, 915, 405 N.Y.S.2d 441, 442 (1978), a strict products liability case, the Court of Appeals stated in *dictum* that "Isolation and analysis of the factors connecting the accident and its causes with the various states does not resolve the choice of law problem. It is true that *lex loci delicti* remains the general rule in tort cases to be displaced only in extraordinary circumstances." *Id. See also O'Rourke, supra*, 730 F.2d at 848–49.

■ While it is unclear after *Cousins* whether New York law mandates application of the government interest or the *lex loci delicti* rule in this case, the Court finds the law of New York to be the appropriate choice under either standard. The *lex loci delicti* is New York, as that is where the alleged injury to Madison Fund occurred. While plaintiff contends that much of defendant's alleged wrongful conduct took place in California, where the jurisdiction of the alleged negligent conduct and that of the injury differ, the law of the place of injury generally governs. *See, e.g., Bing v. Halstead*, 495 F.Supp. 517, 520 (S.D.N.Y.1980); Korn, *The Choice of Law Revolution: A Critique*, 83 Colum. L.Rev. 772, 776, 803 (1983).

■ Under a government interests analysis, New York would also be the appropriate choice. New York has a greater interest than California in whether to compensate injuries occurring in New York to a New York based plaintiff which are caused by an accountant's negligence. New York courts have held that the jurisdiction of injury will generally have the greatest interest in or most significant relationship with the issue, especially where the injured party has had no relevant contact with the jurisdiction of wrongful conduct. *See, e.g., Reeves v. American Broadcasting Co.*, 719 F.2d 602, 605 (2d Cir.1983); *Federated Capital Corp. v. Florida Capital Corp.*, 280 F.Supp. 301, 302–03 (S.D.N.Y.1968); *cf. Bio/Basics International v. Ortho Pharmaceutical Corp.*, 545 F.Supp. 1106, 1114 (S.D.N.Y. 1982).

Moreover, New York has no policy or interest in applying foreign law against a foreign defendant in order to allow recovery by plaintiff, where plaintiff could not recover were defendant a New York resident. *See, e.g.*, Korn, *supra*, at 969; *cf. Neumeier, supra*, 31 N.Y.2d at 129, 286 N.E.2d at 458, 335 N.Y.S.2d at 70–71. It is true that California may have an interest in regulating conduct within its borders, but the alleged negligence did not occur solely in that state, and California would have no superior interest in having its law applied to allow recovery by a non-resident injured in its home forum, where recovery is not permitted by the law of that forum. *See, e.g., Neumeier, supra*, 31 N.Y.2d at 125– 26, 286 N.E.2d at 456, 335 N.Y.S.2d at 67–68; *cf. Matter of Chrichton, supra*, 20 N.Y.2d at 134, 228 N.E.2d at 806, 281 N.Y. S.2d at 820.

Therefore, the Court finds New York law to be the appropriate choice in this case.

■■■■■ Under New York law, an accountant is not liable for negligence to the investing public-at-large. *See, e.g., White v. Guarente,* 43 N.Y.2d 356, 361, 372 N.E.2d 315, 318, 401 N.Y.S.2d 474, 477 (1977); *Ultramares Corp. v. Touche,* 255 N.Y. 170, 189, 174 N.E. 441, 448 (1931). An accountant may be liable, however, to members of a known, determinate group, possessed of vested rights, who both the auditor and the auditee specifically contemplate will rely on the results of the audit. In that situation, the furnishing of the audit information to that group was not merely a possibility should the auditee's business so require, but one of the ends and aims of the audit. *See, e.g., White, supra,* 43 N.Y.2d at 361–62, 372 N.E.2d at 318–19, 401 N.Y.S.2d at 477–78; *Ultramares, supra,* 255 N.Y. at 182–83, 174 N.E. at 445–46, *citing, Glanzer v. Shepard,* 233 N.Y. 236, 135 N.E. 275 (1922).[10]

■■■ Plaintiff argues that at least by the date of Madison Fund's purchase, which was after the challenged auditing work was done, Price Waterhouse knew Madison Fund was considering purchasing AMI stock, and would rely on the opinion of Price Waterhouse and the information contained in the financials. *See Madison Fund* Complaint at ¶¶ 94–95. This does not mean, however, that the audit was done

with plaintiff in mind, or that plaintiff thereby became a member of a fixed and determinate group with vested rights to whom circulation of the audit results was contemplated as an end of performing the audit.

The facts of this case therefore go beyond what the New York Court of Appeals has permitted in relaxing the privity requirement of the *Ultramares* case. While it is true that the Appellate Division, First Department has suggested in recent cases that the privity requirement should be relaxed further than *White v. Guarente* permits, *see European American Bank and Trust Co. v. Strauhs & Kaye,* 102 A.D.2d 776, 777–78 & 778, 477 N.Y.S.2d 146, 148 & 148–49 (1st Dept.1984) (Memorandum Decision of the Court & Ross, J., concurring), *leave to appeal granted,* 104 A.D.2d 1064, 480 N.Y.S.2d 299 (1st Dept.1984); *Credit Alliance Corp. v. Arthur Anderson & Co.,* 101 A.D.2d 231, 234–36, 237–39, 476 N.Y. S.2d 539, 541–42, 543–44 (1st Dept.1984), *leave to appeal granted,* 104 A.D.2d 740, 480 N.Y.S.2d 298 (1st Dept.1984); *Chemical Bank v. Louis Sternbach & Co.,* 91 A.D.2d 518, 518, 456 N.Y.S.2d 392, 392 (1st Dept.1982) (dictum), *appeal dismissed,* 58 N.Y.2d 1086, 449 N.E.2d 424, 462 N.Y.S.2d 644 (1983), no Court of Appeals decision has as yet gone so far. Indeed, the Court of Appeals' most recent statement on the issue suggests that it may not be prepared to extend *White v. Guarente* any further.[11]

---

**10.** In *White v. Guarente,* a limited partnership contracted with Arthur Anderson & Co. to do an annual audit and prepare the partnership tax return, as required by the partnership agreement. One of the limited partners sued for negligence in the audit. The Court of Appeals held that the partner could sue because the use of the audit by partners, a "fixed and determined" group, was "within the contemplation of the parties to the accounting retainer." *See* 43 N.Y.2d at 361–62, 372 N.E.2d at 318–19, 401 N.Y.S.2d at 477–78. The Court found that, "In such circumstances, assumption of the task of auditing ... was the assumption of a duty to audit and prepare carefully for the benefit of those in the fixed, definable and contemplated group whose conduct was to be governed, since given the contract and the relation, the duty is imposed by law, and it is not necessary to state the duty in terms of contract or privity...." *Id.*

at 361–62, 372 N.E.2d at 319, 401 N.Y.S.2d at 478 (citations omitted).

**11.** *See Dworman v. Lee,* 56 N.Y.2d 816, 438 N.E.2d 103, 452 N.Y.S.2d 570 (1982), *aff'g for reasons stated in memorandum at Appellate Division,* 83 A.D.2d 507, 441 N.Y.S.2d 90 (1st Dept. 1981).

In *Dworman,* plaintiffs sued Arthur Anderson & Co. for negligence, claiming that in reliance upon consolidated financial statements prepared by Arthur Anderson, they became sureties of the audited company. The Appellate Division, First Department found that plaintiffs were merely "members of the public relying on the financial statements certified by Anderson," *see id.,* 83 A.D.2d at 507, 441 N.Y.S.2d at 91, and pleaded nothing which would take the case outside the rule of *Ultramares* that accountants "may be liable in negligence only to persons with whom they are in privity." *Id.* The court

Since this Court has been afforded no basis to conclude that the Court of Appeals is prepared to further relax the privity requirement beyond the rule set forth in *Ultramares, White v. Guarente,* and *Dworman v. Lee, supra,* the Court is constrained to apply the law as it presently stands, with the consequence that the negligence claim must be dismissed.[12] Should the Court of Appeals rule otherwise in *European American Bank* or *Credit Alliance,* as to which leave to appeal has been granted, the Court will reinstate the negligence claim.

### Conclusion

For the reasons stated above, the Court rules as follows:

1. (a) The motions of defendants Roy L. Ash, John P. Birkelund, James R. Mellor, Robert H. Lander, James H. Combes, Paul E. Gray, Arthur F. Kelly, and Richard M. Paget to dismiss the Second Amended Consolidated Complaint in *Dubowski v. Ash,* 82 Civ. 1372, are DENIED;

(b) The motions of defendants New Court Securities Corp., Roy L. Ash, John P. Birkelund, and Robert H. Lander to dismiss the Second Amended Complaint in *Madison Fund v. New Court Securities Corp.,* 81 Civ. 7024, are DENIED, except to the extent that Robert H. Lander has moved to dismiss Madison Fund's claims based on section 12(2) of the Securities Act of 1933. That portion of Robert H. Lander's motion to dismiss is GRANTED, provided, however, that Madison Fund shall have 20 days from entry of this Opinion and Order to amend its complaint so as to state a section 12(2) claim against Robert H. Lander as set forth in section II(B)(2) of this Opinion and Order.

2. (a) The motions of defendants Price Waterhouse (United Kingdom), Price Waterhouse (Australia), Price Waterhouse

(Canada), Blanchard Chauveau et Associes SA, and Price Waterhouse World Firm (successor to Price Waterhouse International) pursuant to Fed.R.Civ.P. 9(b) to dismiss the Second Amended Consolidated Complaint in *Dubowski v. Ash,* 82 Civ. 1372, are GRANTED;

(b) Defendants Price Waterhouse (United Kingdom), Price Waterhouse (Australia), and Price Waterhouse (Canada) (Price Waterhouse (Europe) and Price Waterhouse (Brazil) previously having been dismissed) have stipulated with plaintiff in *Madison Fund v. New Court Securities Corp.,* 81 Civ. 7024 and 82 Civ. 2168, that this Court's ruling contained in paragraph 2(a) hereof shall apply with equal force to the similar claims made in the *Madison Fund* complaints. Accordingly, the Second Amended Complaint in *Madison Fund v. New Court Securities Corp.,* 81 Civ. 7024, and the Complaint in *Madison Fund v. New Court Securities Corp.,* 82 Civ. 2168, are hereby DISMISSED pursuant to Fed.R.Civ.P. 9(b) as to defendants Price Waterhouse (United Kingdom), Price Waterhouse (Australia), and Price Waterhouse (Canada).

3. The motions of defendant Price Waterhouse pursuant to Fed.R.Civ.P. 9(b) to dismiss the Second Amended Consolidated Complaint in *Dubowski v. Ash,* 82 Civ. 1372, and the Second Amended Complaint in *Madison Fund v. New Court Securities Corp.,* 81 Civ. 7024, are disposed of as follows:

(a) The motions are DENIED with respect to claims based upon the financial statements for the year ended July 31, 1980;

(b) The motions are GRANTED with respect to claims based upon the financial statements for the year ended July 31, 1979;

---

stated: "there can be no doubt that the rule in *Ultramares* remains authoritative, as it was reaffirmed in *White v. Guarente....*" *Id. See also New Castle Siding Co. v. Wolfson,* 63 N.Y.2d 782, 470 N.E.2d 868, 481 N.Y.S.2d 70 (1984); *Credit Alliance, supra,* 101 A.D.2d at 240–41, 476 N.Y.S.2d at 545 (Milonas, J., dissenting).

**12.** Since the Court has determined that New York law applies, it is not necessary to address defendant's contention that even under California law, plaintiff's claim would have to be dismissed.

(c) The motions are GRANTED to the extent that the foregoing complaints allege liability on the part of Price Waterhouse with respect to the unaudited interim financial statements issued during fiscal 1981, provided, however, that plaintiffs shall have 20 days from entry of this Opinion and Order to amend their complaints as set forth in Section II(A)(3), *supra.*

4. The motion of Price Waterhouse pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Fourteenth Claim for Relief asserted in the Second Amended Complaint in *Madison Fund v. New Court Securities Corp.*, 81 Civ. 7024, is GRANTED.

5. The First Amended Complaint in *Black v. Ash,* 82 Civ. 2532, is DISMISSED pursuant to Fed.R.Civ.P. 9(b) without prejudice.

6. The Third Party Complaint of Price Waterhouse against Richard B. Black in *Madison Fund v. New Court Securities Corp.*, 81 Civ. 7024, is DISMISSED pursuant to Fed.R.Civ.P. 9(b) without prejudice.

The Court has determined pursuant to Fed.R.Civ.P. 54(b) that there is no just reason to delay entry of a final judgment on the rulings in paragraphs 2, 3, and 4, above. Therefore, final judgment is entered as to those claims.

With respect to any repleaded complaints, defendants shall have 50 days from the entry of this Opinion and Order to move or file answers. The time in which to file third party claims and claims over in the repleaded actions is hereby extended until 20 days after the date upon which defendants must respond to the repleaded complaints. Third party defendants shall have 30 days to respond to these claims.

All parties to the *Dubowski v. Ash* action shall be ready for trial on November 4, 1985. The parties to the *Dubowski* action shall submit a Pre-Trial Order in accordance with the Court's directions on September 4, 1985. The stay of discovery previously ordered by the Court is hereby lifted.

It is SO ORDERED.