■ EMPIRE OF AMERICA, FEDERAL SAVINGS BANK, Respondent, v ARTHUR ANDERSEN & Co., Appellant. (Appeal No. 1.)—Appeal dismissed as academic without costs. All concur, Dillon, P. J., not participating. (Appeal from order of Supreme Court, Erie County, Sedita, J.—dismiss causes of action.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.

■ EMPIRE OF AMERICA, FEDERAL SAVINGS BANK, Respondent, v ARTHUR ANDERSEN & Co., Appellant. (Appeal No. 2.)—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The plaintiff bank sued the defendant public accounting firm for negligent and fraudulent preparation of financial statements upon which plaintiff relied in extending loans to an electrical contractor who had hired the defendant to perform an audit. Special Term properly denied defendant's motion to dismiss plaintiff's second cause of action. On a motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]) we must assume plaintiff's allegations are true *(see Becker v Schwartz,* 46 NY2d 401, 408; *Cohn v Lionel Corp.,* 21 NY2d 559, 562). Plaintiff alleged a relationship sufficiently intimate to be equated with privity based upon a direct oral and written communication between plaintiff and defendant *(see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 543, 554; *First*

*Fed. Sav. & Loan Assn. v Oppenheim, Appel, Dixon & Co.,* 629 F Supp 427 [SDNY 1986]).

Special Term erred, however, in denying defendant's motion to dismiss plaintiff's third cause of action sounding in fraud. This cause of action merely repeated the allegations of negligence and added a claim that defendant's unqualified opinion letters were recklessly and wantonly made and were known by the defendant to be false. This single allegation of scienter, without additional details concerning the facts constituting the alleged fraud, is insufficient *(see,* CPLR 3016 [b]; *Credit Alliance Corp. v Andersen & Co., supra,* at 554; *Dworman v Lee,* 83 AD2d 507, *affd* 56 NY2d 816).

All concur, except Dillon, P. J., not participating, and Boomer, J., who dissents and votes to affirm in the following memorandum.

Boomer, J. (dissenting). Respectfully, I dissent. Plaintiff has not alleged facts sufficient to establish a relationship approaching privity. Privity is a mutual relationship; it cannot be thrust upon the party to be charged. In *European Am. Bank & Trust Co. v Strauhs & Kaye* (65 NY2d 536, 554), the Court of Appeals, in finding that plaintiff lender had stated a cause of action against the borrower's accountant, relied upon plaintiff's allegation not only "that the parties remained in direct communication, both orally and in writing," but, most important, that defendant "made repeated representations personally to representatives of [plaintiff], on these occasions, concerning the value of Majestic Electro's assets." Noting that a great many States have adopted the rule requiring that the lender be known or actually foreseen by the accountant, the court wrote: "Inasmuch as this latter rule, deriving from the Restatement (Second) of Torts § 552, does not include an additional requirement for conduct on the part of the accountants linking them to the noncontractual party or parties, we decline to adopt it" *(supra,* at 553, n 11).

Here, as in *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536, 553), there are no allegations of any "prerequisite conduct" on the part of the accountant. All that is alleged is that because of "direct oral and written communication with the plaintiff", defendant knew that plaintiff was relying upon the financial statements. All that can be inferred by this is that plaintiff, orally and in writing, informed defendant that it was relying upon the statements prepared by defendant. Lacking is any conduct by defendant linking it to plaintiff.

Accordingly, I vote to affirm. (Appeal from order of Supreme

Court, Erie County, Sedita, J.—dismiss causes of action.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.